UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LISA LAROSE, KIM GOODMAN,
and SHIVANIE MAHARAJ,

    Plaintiffs,

v.

THE FREEDOM LAW GROUP, PLLC,
a Florida Limited Liability Company, TODD
WEPRIN, and ERIC WEITKAMP,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, LISA LAROSE ("Larose"), KIM GOODMAN ("Goodman"), and SHIVANIE MAHARAJ ("Maharaj") (collectively "Plaintiffs"), by and through their undersigned attorney, hereby file this Complaint against Defendant THE FREEDOM LAW GROUP, PLLC, ("TFLG,"), TODD WEPRIN ("Weprin"), and ERIC WEITKAMP ("Weitkamp") (collectively Defendants"), and says:

### JURISDICTION AND VENUE

1.    This action is brought against Defendant pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act") and Florida Common Law.

2.    Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.    Venue is proper in the Southern District of Florida because Plaintiffs were employed by Defendants in this District; because Defendants, at all material times, conducted

1

and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiffs' claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

## PARTIES

5. Plaintiff Larose is a resident of Broward County. During all times relevant to this Complaint, Plaintiff was employed by Defendants as an Administrative Assistant, the responsibilities of which entailed different aspects of TFLG's services, including but not limited to calendaring, handling intakes, answering phones, data processing, and office management. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Plaintiff Maharaj is a resident of Broward County. During all times relevant to this Complaint, Plaintiff was employed by Defendants as an Administrative Assistant, the responsibilities of which entailed different aspects of TFLG's services, including but not limited to calendaring, handling intakes, answering phones, data processing, and office management. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

7. Plaintiff Goodman is a resident of Broward County. During all times relevant to this Complaint, Plaintiff was employed by Defendants as an Administrative Assistant, the responsibilities of which entailed different aspects of TFLG's services, including but not limited to calendaring, handling intakes, answering phones, data processing, and marketing. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e

8. Defendant TFLG is a Florida Limited Liability Company organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. TFLG has its principal place of business in Pompano Beach, Florida. Defendant TFLG has, at all times

material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

9. Defendant Weprin, who resides in the Southern District of Florida, is a Florida licensed attorney and the sole officer of TFLG.

10. Defendant Weitkamp, who resides in the Southern District of Florida, is, an owner and/or operator of Defendant TFLG.

11. TFLG is a law firm specializing in VA benefits, Medicaid benefits and Elder Care Advisory. While Todd Weprin, Esq. is the sole attorney working at the law firm, Weitkamp actually owns and handles the operations of the firm.

12. At all times relevant hereto, Defendant TFLG was a covered employer under the 29 U.S.C. § 203(d) and (s)(1) in that it had employees engaged in commerce or in the production of goods for commerce or that had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. At all times material to this Complaint, Defendant TFLG has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 203.

14. Defendant Weprin acted and acts directly in the interests of TFLG in relation to its employees. Weprin had and exercised the authority to hire and fire employees, set the pay rate for the employees, and control the finances and operations of TFLG. Thus Weprin was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

15. Defendant Weitkamp acted and acts directly in the interests of TFLG in relation to its employees. Weitkamp had and exercised the authority to hire and fire employees, set the

pay rate for the employees, and control the finances and operations of TFLG. Thus Weitkamp was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

16. Defendant TFLG, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

## GENERAL ALLEGATIONS

17. Larose started working for Defendants on or about June 15, 2020 and was terminated on or about December 3, 2020. During her employment Larose regularly worked approximately 50-60 hours per week on the clock, and an additional 5 hours per week off the clock in the evenings.

18. Mahraj started working for Defendants on or about October 19, 2020 and was terminated on or about February 1, 2021. During her employment Maharaj regularly worked approximately 50 hours per week on and off the clock.

19. Goodman started working for Defendants on or about April 3, 2020 and was terminated on or about December 18, 2020. During her employment Goodman regularly worked approximately 50 hours per week on and off the clock.

20. Plaintiffs were non-exempt employees of Defendants and are subject to the payroll practices and procedures set forth hereinafter.

21. Plaintiffs regularly worked in excess of forty (40) hours during one or more workweeks within three years of the filing of this Complaint.

22. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiffs performed services for Defendants for which no provision was made to properly pay overtime for those hours worked over forty (40) in a work-week.

23. Plaintiff Larose was paid an annual salary of $50,000.00 per year and received an additional monthly "bonus" of $1000.00.

24. Plaintiff Maharaj was paid an annual salary of $47,000.00.

25. Plaintiff Goodman was paid an annual salary of $56,000.00.

26. Defendants and their representatives knew that Plaintiffs were working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

27. In the course of their employment with Defendants, Plaintiffs worked the number of hours required of each of them, but were not properly paid time and one-half for all hours worked in excess of forty (40) hours during a workweek.

28. Defendants failed to pay Larose at least fifty-six (56) hours of time worked at the end of her employment.

29. Defendants failed to pay Maharaj at least ninety-one (91) hours of time worked at the end of her employment.

30. Plaintiffs have retained the undersigned firm to prosecute this action on their behalf and have agreed to pay it a reasonable fee for its services.

31. Plaintiffs are entitled to their reasonable attorneys' fees and costs if they are the prevailing party(ies) in this action.

## COUNT I – VIOLATION OF FLSA/OVERTIME

32. Plaintiffs re-allege and re-aver paragraphs 1 – 31 as fully set forth herein.

33. During the course of Plaintiffs' employment, Defendants have willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce

for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times their regular rate.

34. During the entirety of Plaintiff Larose's employment, Plaintiff worked an average of approximately fifty-five (55) to sixty-five (65) hours per week.

35. During the entirety of Plaintiff Maharaj's employment, Plaintiff worked an average of approximately fifty (50) hours per week.

36. During the entirety of Plaintiff Goodman's employment, Plaintiff worked an average of approximately fifty (50) hours per week

37. Plaintiffs were only paid straight time and never overtime.

38. Plaintiffs were not exempt from the overtime provisions of the FLSA pursuant to 29 U.S.C. § 213(a), in that they were neither bona fide executive, administrative, or professional employees.

39. Defendants have knowingly and willfully failed to pay Plaintiffs at time and one half of their regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

40. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

41. As a result of Defendants' willful violations of the Act, Plaintiffs are entitled to liquidated damages.

42. Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant to 29 U.S.C. §216(b), Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiffs Lisa Larose, Kim Goodman and Shivanie Maharaj demand judgment for:

    a.    Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiffs by reason of Defendants' violation of the FLSA.

    b.    Interest on the amount found due;

    c.    Liquidated damages;

    d.    Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

    e.    Such other relief as the Court deems just and proper.

### COUNT II: UNPAID WAGES
### (LAROSE & MAHARAJ)

43. Plaintiffs Larose and Maharaj re-allege and re-aver paragraphs 1 – 31 as fully set forth herein.

44. Throughout her employment, Plaintiff Larose and Defendants entered into an oral agreement whereby Plaintiff was to perform services as an administrative assistant in exchange for payment from Defendants.

45. According to the oral agreement, Defendants agreed to pay Plaintiff Larose a salary of $50,000 year plus a monthly $1000 "bonus".

46. Throughout her employment, Plaintiff Maharaj and Defendants entered into an oral agreement whereby Plaintiff was to perform services as an administrative assistant in exchange for payment from Defendants.

47. According to the oral agreement, Defendants agreed to pay Plaintiff Maharaj a salary of $47,000 year.

48. Defendants have failed to pay Plaintiff Maharaj for the final 91 hours worked at her employment with Defendants.

49. Defendants have failed to pay Plaintiff Larose for the final 56 hours worked at her employment with Defendants.

50. As a result of Defendants' failure to compensate Plaintiffs properly, they have suffered monetary damages.

51. Defendants knew that Plaintiffs performed services for their benefits but refused to compensate each Plaintiff properly.

WHEREFORE, Plaintiffs Lisa Larose and Shivani Maharaj request judgment for:

   a. Unpaid wages in the amount to be determined by the Court, less any amount shown as actually paid;

   b. Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to Fla. Stat. § 448.08; and

   c. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs Lisa Larose, Kim Goodman, and Shivanie Maharaj hereby demand a trial by jury on all issues contained herein so triable as a matter of right.

Dated:  April 22, 2021

                                **LAW OFFICES OF CHARLES EISS, P.L.**
                                Attorneys for Plaintiff
                                7951 SW 6th Street, Suite 112
                                Plantation, Florida 33324
                                (954) 914-7890 (Telephone)
                                (855) 423-5298 (Facsimile)

                    By:    **/s/ Charles Eiss**
                                CHARLES M. EISS, Esq.
                                Fla. Bar #612073

chuck@icelawfirm.com
Shanna Wall, Esq.
Fla. Bar #0051672
shanna@icelawfirm.com